UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LYLE W. AMRHEIN, RAY AMRHEIN, and EVELYN AMRHEIN,<br>　　*Plaintiffs*,<br><br>　　*vs.*<br><br>REGIONAL INVESTMENT SERVICES, INC.,<br>　　*Defendant*. | )<br>)<br>)<br>)　1:12-cv-01832-JMS-TAB<br>)<br>)<br>)<br>) |

## **ORDER**

Plaintiffs Lyle W. Amrhein, Ray Amrhein, and Evelyn Amrhein filed a Petition to Confirm Arbitration Award and for Entry of Judgment on December 17, 2012 in which they allege that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. [Dkt. 1 at 2, ¶ 4.] Specifically, Plaintiffs allege that: (1) they are all citizens of Indiana, [*id.* at 2, ¶¶ 2-3]; (2) Defendant Regional Investment Services, Inc. ("Regional") is an Ohio corporation with its "place of business" in Cincinnati, Ohio, [*id.* at 1, ¶ 1]; and (3) "[t]his Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000," [*id.* at 2, ¶ 4].

Plaintiffs' Petition is brought under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, which does not by itself confer subject-matter jurisdiction. *Twist v. Arbusto*, 2007 U.S. Dist. LEXIS 702, *9 (S.D. Ind. 2007). Instead, there must be "diversity of citizenship or some other independent basis for federal jurisdiction" for a federal court to determine an arbitration dispute under the Federal Arbitration Act. *America's Money Line, Inc. v. Coleman*, 360 F.3d 782, 784 (7th Cir. 2004) (citation omitted). The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze

subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).  Based on Plaintiffs' Petition, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Specifically, Plaintiffs are reminded that: (1) a corporation has two places of citizenship: where it is incorporated and where it has its *principal* place of business, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006); (2) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); and (3) the amount in controversy must exceed "$75,000 *exclusive of interest and costs*," 28 U.S.C. § 1332 (emphasis added).

The Court **ORDERS** Plaintiffs to file an Amended Petition on or before **January 16, 2013**, which addresses the jurisdictional concerns noted above.  Regional need not respond to the Petition, [dkt. 1], but rather shall timely respond to the Amended Petition once it is filed.

01/02/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, PC
tkcaldwell@mhclaw.com

Mark E. Maddox
MADDOX HARGETT & CARUSO, PC
mmaddox@mhclaw.com